## A. B. BARRETT, Adm'r, etc.,
## v.
## THOMAS H. GUTHRIE.

WEIGHT OF EVIDENCE.—Where the evidence introduced by either party may be said to be sufficient to fully sustain a finding in his favor, after two trials in the court below, this court will not interfere on the ground that the finding is against the weight of evidence.

APPEAL from the Circuit Court of Jefferson county; the Hon. T. S. CASEY, Judge, presiding. Opinion filed November 27, 1885.

Mr. C. H. PATTON and Mr. C. H. BURTON, for appellant.

Mr. GEORGE B. LEONARD and Mr. E. V. SATTERFIELD, for appellee.

PILLSBURY, P. J. Appellee is one of the three heirs of Frank Guthrie, deceased, and the appellant is the administrator of the estate. On making his final report in the county court, the appellant charged the appellee with the payment of $350, alleged to have been paid him in money, and certain orders given by appellee to creditors, including one to Barger Bros. for $149.78. To this report appellee filed exceptions, and on hearing the exceptions were sustained. On appeal to the circuit court, the same result followed and the administrator appeals to this court. The county court had made an order for partial distribution of the moneys in the hands of the appellant. Appellee admits he received from the appellant $200 in money, composed of the order to Barger Bros. for $149.78, another order for $15, and a check upon the bank for the difference, being $35.22; while the appellant insists he had paid the appellee in money enough to make his distributive shares equal to the other heirs, viz., $350. The turning point of the case seems to be whether the appellant paid the difference between the $200, as above stated, or whether he only paid the

orders named and the check of $35.22.  Upon this point the testimony is very conflicting, and a finding either way might well be sustained by an appellate tribunal.   The evidence introduced by either party may well be said to be sufficient to fully sustain a finding in his favor, and under such circumstances after two trials in the courts below, we do not feel called upon to interfere on the ground that the finding is against the weight of the evidence.   There is no error in the record that would justify us in reversing the judgment, and it will therefore be affirmed.

Judgment affirmed.